```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
                                 :
UNITED STATES OF AMERICA         :
                                 :   STIPULATION AND ORDER
         -v.-                    :
                                 :   20 Cr. 8 (RMB)
HICHAM KABBAJ                    :
                                 :
              Defendant.         :
                                 :
                                 :
- - - - - - - - - - - - - - - - x
                                 :
Bank of America, N.A.,           :
                                 :
              Interested Party.  :
                                 :
- - - - - - - - - - - - - - - - x
```

SDNY DOCUMENT ELECTRONICALLY FILED DOC #: ___ DATE FILED: 8/6/2020

WHEREAS, on or about January 3, 2020, HICHAM KABBAJ (the "defendant"), was charged in a one-count Information, 20 Cr. 8 (RMB) (the "Information"), with wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count One);

1

WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 28, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceed traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense and, *inter alia*, the following specific property:

> 7729 Eden Ridge Way, Palm Beach Gardens, Florida 33412 (the "Eden Ridge Way Property")[1];

WHEREAS, on or about January 3, 2020, the defendant pled guilty to Count One of the Information pursuant to a plea agreement with the Government, wherein the defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), a sum of money equal to $6,051,453.43 in United States currency, representing the amount of proceeds traceable to the commission of the offense charged in Count One

---

[1] The Eden Ridge Way Property is described in the Mortgage Note as 7729 Eden Ridge Way, West Palm Beach, Florida 33412.

2

of the Information; and (ii) all right, title and interest of the defendant in the Eden Ridge Way Property;

WHEREAS, on or about January 27, 2020, this Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment (Docket Entry (D.E.) 24) forfeiting the defendant's interest in, *inter alia*, the Eden Ridge Way Property;

WHEREAS, on or about September 17, 2018, defendant HICHAM KABBAJ signed a note for a mortgage loan from Bank of America, N.A. ("BANA") in the amount of $712,500.00 in United States currency for the purchase of, and secured by, the Eden Ridge Way Property;

WHEREAS, BANA is currently the holder of the mortgage loan note on the Eden Ridge Way Property, and has filed a verified petition in support of its interest in the Eden Ridge Way Property (D.E. 29);

WHEREAS, as of March 19, 2020, the principal balance due on the Eden Ridge Way Property was $702,304.17 in United States currency, and the total payoff amount good through April 17, 2020 was $737,931.98 (the "BANA Payoff Amount"), which sum includes interest in the amount of $20,579.81, a county recording fee of $12.60, accumulated late charges of $345.30, escrow advances in the amount of $13,372.60 and additional fees

3

and costs of $1,317.50;

WHEREAS, the parties to this Stipulation (the "Settlement Agreement"), the United States of America, by United States Attorney Geoffrey S. Berman, by and through Andrew Rohrbach and Ni Qian, Assistant United States Attorneys, and Brandon M. Santos and Steven W. Peretz, Esqs., on behalf of Bank of America, N.A., seek to resolve the outstanding BANA mortgage loan on the Eden Ridge Way Property without litigation,

IT IS HEREBY STIPULATED AND AGREED as follows:

1.  Following entry of a Final Order of Forfeiture as to the Eden Ridge Way Property, forfeiting all right, title and interest in the Eden Ridge Way Property to the United States, and upon the sale of the Eden Ridge Way Property pursuant to the Final Order of Forfeiture, the Internal Revenue Service ("IRS") or its designee will pay BANA, via cashier's check made payable to "Bank of America, N.A.," from the net proceeds of the sale of the Eden Ridge Way Property, the BANA Mortgage Amount due for the Eden Ridge Way Property as of the closing date of sale.

2.  The net proceeds shall include all amounts received from the sale of the Eden Ridge Way Property less payment of outstanding taxes, valid prior liens, real estate commissions, insurance costs, escrow fees, document recording fees not paid by the buyer, title fees, county transfer fees,

4

reasonable real estate attorney's fees, if any, associated with the sale of the Eden Ridge Way Property and any and all expenses incurred by the Internal Revenue Service (the "IRS") or its designees in connection with the custody, maintenance and sale of the Eden Ridge Way Property.

3.  The BANA Mortgage Amount shall consist of the BANA Payoff Amount plus interest accrued at the contractual rate of 4.125% per annum up until and including the closing date of sale.

4.  Any surplus from the net proceeds remaining after the BANA Mortgage Amount is paid to BANA for the Eden Ridge Way Property shall be forfeited to the United States as a *substitute res* for the Eden Ridge Way Property. The Department of Treasury (or its designee) shall be authorized to deposit any such surplus, representing the *substitute res* for the Eden Ridge Way Property, in the Treasury Assets Forfeiture Fund.

5.  In the event that the projected net proceeds are insufficient to cover the BANA Mortgage Amount, the IRS shall pause the sale of the Eden Ridge Way Property and provide written notice to the undersigned counsel for BANA of the amount of the shortfall. BANA will have 20 calendar days from receipt of written notice from the IRS to notify the IRS of its intent to exercise the option of taking control of the Eden

Ridge Way Property. BANA will take control of the Eden Ridge Way Property upon it paying the IRS any and all expenses incurred by the IRS or its designees in connection with the custody, maintenance and attempted sale of the Eden Ridge Way Property. If BANA declines to exercise the option to take control of the Eden Ridge Way Property then the IRS shall resume responsibility for selling the Eden Ridge Way Property and will pay BANA, via cashier's check made payable to "Bank of America, N.A.," from the net proceeds of the sale of the Eden Ridge Way Property, the available amount of the BANA Mortgage Amount due for the Eden Ridge Way Property as of the closing date of sale.

6. Except as otherwise provided in this Settlement Agreement, BANA is hereby barred from asserting any claim against the United States or any of its agents and employees, including but not limited to, the IRS, the Department of Treasury, and this Office, in connection with, or arising out of, the United States' forfeiture of the Eden Ridge Way Property or the transfer of the Eden Ridge Way Property to the United States, IRS, its agents or designees.

7. BANA further agrees not to pursue against the United States any other rights that it may have had under the mortgage loan note, including but not limited to the right to

foreclose upon and sell the Eden Ridge Way Property and any right to assess additional interest or penalties, except as otherwise provided herein.

8. Unless otherwise agreed by the parties, upon payment to BANA of the BANA Mortgage Amount, BANA agrees to release or discharge its interests in the Eden Ridge Way Property via recordable instruments and to release and hold harmless the Unites States and any of its agents and employees, including the IRS, the Treasury Department, and this Office, in connection with the custody, maintenance and sale of the Eden Ridge Way Property. BANA agrees to execute any documentation to implement the terms of the Settlement Agreement and this Stipulation and Order.

9. This Settlement Agreement constitutes the entire agreement between the parties on the matters contained herein, and no other statement, promise or agreement, either written or oral, made by either party or agents of either party, that is not contained in this written Agreement shall be enforceable.

10. Any modifications to this Settlement Agreement shall be in a writing signed by the parties.

11. The individual(s) signing this Stipulation and Order on behalf of BANA represent and warrant that they are authorized by BANA to execute this Stipulation and Order.

12. The parties hereby waive all rights to appeal or to otherwise challenge or contest the validity of this Stipulation and Order.

13. The signature pages of this Agreement may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

[CONTINUED ON NEXT PAGE]

14. The Court shall have exclusive jurisdiction over the interpretation and enforcement of this Stipulation and Order.

Agreed and consented to:

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: _____          05/28/2020
    Andrew Rohrbach/Ni Qian                 DATE
    Assistant United States Attorneys
    T: 212-637-2345/2364


INTERESTED PARTY,
BANK OF AMERICA, N.A. ("BANA")

By: _____          5/28/2020
    Brandon M. Santos,                      DATE
    Steven W. Peretz, Esqs.
    Attorneys for BANA
    McGuireWoods LLP
    1251 Avenue of the Americas, 20th Floor
    New York, NY 10020-1104
    T: (212) 548-2130


SO ORDERED:

_____              8/6/2020
HONORABLE RICHARD M. BERMAN                 DATE
UNITED STATES DISTRICT JUDGE

9