UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

- v. -

HICHAM KABBAJ,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PRELIMINARY ORDER OF FORFEITURE AS TO SUBSTITUTE ASSETS**

20 Cr. 8 (RMB)

WHEREAS, on or about January 3, 2020, HICHAM KABBAJ (the "Defendant"), was charged in a one-count Information, 20 Cr. 8 (RMB) (the "Information"), with wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count One);

WHEREAS, on or about January 3, 2020, the Defendant pled guilty to Count One of the Information, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit, pursuant to Title 18, United States Code, Section 982(a)(7), a sum of money equal to $6,051,453.43 in United States currency, representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information;

WHEREAS, on or about January 27, 2020, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "Order of Forfeiture"), imposing a money judgment against the Defendant in the amount of $6,051,453.43 (the "Money Judgment"), representing all property, real or personal, which constitutes or is derived from proceeds traceable to the offense charged in Count One of the Information (D.E. 24);

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/29/22

1

WHEREAS, to date, the entire Money Judgment against the Defendant remains unpaid;

WHEREAS, as a result of acts and omissions of the Defendant, the Government, despite its exercise of due diligence, has been unable to locate or obtain the remaining proceeds of the offense charged in Count One of the Indictment with the exception of the Specific Property; and

WHEREAS, the Government has identified the following specific assets in which the Defendant has an ownership interest:

    a. A 2018 Dodge Challenger registered to Hicham Kabbaj, Palm Beach Gardens, FL 33412, VIN 2C3CDZAG1JH131277, and

    b. A 2018 Jeep Wrangler registered to Hicham Kabbaj, Palm Beach Gardens, FL 33412, VIN 1C4HJXFG0JW313819

(the "Substitute Assets"); and

WHEREAS, the Government is seeking the forfeiture of all of the Defendant's right, title and interest in the Substitute Assets.

NOW IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. All of the Defendant's right, title and interest in the Substitute Assets is hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

2. Upon entry of this Preliminary Order of Forfeiture of Substitute Assets, the Department of Treasury (or its designee) is hereby authorized to take possession of the Substitute Assets and to keep them in its secure, custody and control.

3. Upon entry of a Final Order of Forfeiture, the Substitute Assets shall be applied towards the satisfaction of the Money Judgment entered against the Defendant.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Substitute Assets and provide notice that any person, other than the Defendant in this case, claiming an interest in the Substitute Assets must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The notice referenced in the preceding paragraph shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Assets, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Substitute Assets and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. The United States may also, to the extent practicable, provide direct written notice to any person, other than the Defendant, known to have an alleged interest in the Substitute Assets, as a substitute for published notice as to those persons so notified.

7.  Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Assets, pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8.  The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Substitute Assets, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Dated: New York, New York
       March **29**, 2022

SO ORDERED:

_Richard M. Berman_
HONORABLE RICHARD M. BERMAN
UNITED STATES DISTRICT JUDGE

4