```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/4/22
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
:
UNITED STATES OF AMERICA            :   **FINAL ORDER OF**
                                    :   **FORFEITURE**
        -v.-                        :
                                    :   20 Cr. 8 (RMB)
HICHAM KABBAJ,                      :
                                    :
                Defendant.          :
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WHEREAS, on or about January 27, 2020, this Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/ Money Judgment (D.E. 24), which ordered the forfeiture to the United States of all right, title and interest of HICHAM KABBAJ (the "Defendant") in, *inter alia*, the following property:

> i) All cashier's checks to HICHAM KABBAJ with the following numbers 1516108211, 1516108212, 1516108213, 1516108214, 1516108215, 1516108216,

(the "Cashier's Checks");

WHEREAS, in or about September 2019, the Cashier's Checks were seized having a total value of $1,400,022.71.

WHEREAS, on or about October 15, 2019, Bank of America issued a new cashier check number 6198491116 in the amount of $1,400,022.71 to replace the Cashier's Checks, and deposited into the Treasury suspense account (the "Specific Property");

WHEREAS, the Consent Preliminary Order of Forfeiture directed the United States to publish, for at least thirty (30) consecutive days, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Specific Property, and the requirement that any person asserting a legal interest in the Specific Property must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). The

Preliminary Order of Forfeiture further stated that the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Specific Property and as a substitute for published notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Specific Property before the United States can have clear title to the Specific Property;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Specific Property was posted on an official government internet site (www.forfeiture.gov) beginning on April 7, 2022, for thirty (30) consecutive days, through May 6, 2022, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on July 29, 2022 (D.E. 62);

WHEREAS, thirty (30) days have expired since final publication of the Notice of Forfeiture and no petitions or claims to contest the forfeiture of the Specific Property have been filed;

WHEREAS, the United States sent notices of the First Preliminary Order of Forfeiture, the Amended Preliminary Order and the Second Amended Preliminary Order, pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, via Federal Express, to the following:

    i.    Mounia Kabbaj, West Palm Beach, FL 33412;
    ii.    Mounia Kabbaj, Hewitt, NJ 07421;
    iii.    MERS, P.O. Box 2026, Flint, MI 48501-2026;

    iv. Anne M. Gannon, Constitutional Tax Collector, P.O. Box 3353, West Palm Beach, FL 33402-3353;

    v. Bank of America, N.A., 4500 Amon Carter Blvd., Doc Proc TX2-979-01-19, Fort Worth, TX 76155; and

    vi. Township of West Milford, 1480 Union Valley Road, West Milford, NJ 07480;

(the "Noticed Parties").

WHEREAS, the Defendant and the Noticed Parties are the only persons and/or entities known by the Government to have a potential interest the Specific Property;

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2); and

WHEREAS, since final publication of the Notice of Forfeiture, thirty (30) days have expired and no petitions or claims to contest the forfeiture of the Specific Property have been filed

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. All right, title and interest in the Specific Property is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2. Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Specific Property.

3. The United States Department of Treasury shall take possession of the Specific Property and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

Dated: New York, New York
       October 4, 2022

SO ORDERED:

_____
HONORABLE RICHARD M. BERMAN
UNITED STATES DISTRICT JUDGE

4