UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v-<br><br>HICHAM KABBAJ,<br><br>                    Defendant. | 20-CR-08 (RMB)<br><br>DECISION & ORDER<br>Granting re-sentencing |

Berman, J.:

**I. Background**

On February 22, 2022, Hicham Kabbaj was sentenced to a 52-month term of imprisonment after pleading guilty on January 3, 2020 to one count of "wire fraud" in violation of 18 U.S.C. § 1343.[1] *See* Judgment, dated Feb. 22, 2022, at 1 (ECF No. 49). His guidelines range was 51–63 months' incarceration, based on an offense level of 24 and a criminal history category of I. *See* Presentence Investigation Report, dated March. 26, 2020, at 15 (ECF No 27).

On February 6, 2024, Defendant filed a petition for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 821 to the United States Sentencing Guidelines. *See* Def.'s Mot., dated Feb. 6, 2024, at 1 (ECF No. 72).

---

[1] Mr. Kabbaj, in his position as Vice President of Global Operations, Information Technology Department of Rakuten Marketing, "embezzle[d] more than $6 million dollars" over the course of four years. *See* Gov't Letter, dated Feb. 8 2022 at 1 (ECF No. 47). Mr. Kabbaj submitted "approximately 52 fraudulent invoices in the name of a shell company he created . . . resulting in payments amounting to approximately $6,051,453.43, which were subsequently transferred to defendant's personal accounts." *See* Sent'g Tr. 4:8-14.

1

Amendment 821 went into effect on November 1, 2023 and was made retroactive by the U.S. Sentencing Commission. *See* U.S.S.G. § 1B1.10(d). Amendment 821 provides for resentencing and a two-level decrease in the Offense Level where (1) a defendant did not receive any criminal history points at the original sentencing, and (2) defendant's offense did not include any of the (nine) categories listed in Section 4C1.1(a), such as the use of violence, possession of a firearm, an act of terrorism, or any of six other specific categories. *See* U.S.S.G. § 4C1.1(a)(1)–(10).

The Government and the U.S. Probation Office **agree** with the defense that Mr. Kabbaj is eligible for a sentence reduction under U.S.S.G. § 4C1.1. *See* Gov't Letter, dated Feb. 14, 2024, at 1 (ECF No. 76); Supplemental Presentence Investigation Report, dated Dec. 4, 2023, at 3 (ECF No. 69). Among other things, Mr. Kabbaj "had zero criminal history points" at sentencing and he "meets the additional criteria" specified above and at U.S.S.G. § 4C1.1(a)(1)-(10). *See* Def.'s Mot., dated Feb 6, 2024 at 2 (ECF No. 72). Kabbaj's Guidelines Range, therefore, becomes 41-51 months, based upon an amended offense level of 22 and a criminal history category of I. *See id.* The defense seeks a sentence of "41 months' imprisonment." *See id.* at 1. The Government does not object to the Court "reducing the defendant's sentence to . . . within the new Guidelines range of 41 to 51 months' imprisonment." Gov't Letter, dated Feb. 14, 2024 at 3 (ECF No. 76).

## II. Re-Sentencing is Granted

Based upon the record herein, including Defendant's motion, dated February 6, 2024, the Government's response, dated February 14, 2024, and the Supplemental Presentence Report, dated December 4, 2023, the Court finds that Mr. Kabbaj is entitled to a sentence reduction under Amendment 821 of the United States Sentencing Guidelines. *See* U.S.S.G. § 4C1.1(a).

**Section 3553(a) Factors**

The Court also finds, upon the submissions and having analyzed the factors under 18 U.S.C. § 3553(a), that Defendant Kabbaj's sentence should be reduced from 52 months to 46 months of incarceration. The Court has considered the § 3553(a) factors, including (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to (a) reflect the seriousness of the offense, (b) afford adequate deterrence from criminal conduct, (c) protect the public from further crimes of the defendant, and (d) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established in the Sentencing Guidelines; (5) policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among similarly situation defendants; and (7) the need to provide for restitution. *See also* U.S.S.G. § 1B1.10 app. Note 1(B)(i), (ii).

Mr. Kabbaj's crime of wire fraud was "a breathtaking theft of Rakuten's resources." *See* Sent'g Tr. at 19:1-2. He embezzled approximately $6,051,453.4 from his employer over the course of "four years," starting "just three months into his employment at Rakuten," notwithstanding that he was "promoted four or five times" by Rakuten to a position that paid him $349,000 a year. *See id.* at 4:8-12, 7:21-22, 8:3, 18:7-15. The Court also notes that, following his incarceration, Mr. Kabbaj appears to have made "the best use of his time in custody," having "completed more than 36 programs" and spending time "teaching and tutoring" others. *See* Def.'s Motion, dated Feb. 6, 2024, at 3 (ECF No. 72). The head of education at FCI Fort Dix described him as "a positive influence." *See id.* Ex. A.

The § 3553(a) factors clearly support a 46-month term of incarceration upon resentencing. *See* 18 U.S.C. § 3553(a)(1)(A), (B).

### III. Conclusion and Order

For the reasons stated above, the Court resentences the Defendant to a term of imprisonment of 46 months, effective immediately. The other components of Kabbaj's original sentence are unchanged.

*RMB*

Richard M. Berman
United States District Judge

Dated: February 15, 2024
New York, New York